**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID'S AUTO SHREDDING, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 1:08-cv-00410-KD-B |
| | * | |
| THE SHREDDER COMPANY, LLC, | * | |
| a limited liability company, | * | |
| ALTON SCOTT NEWELL, II, | * | |
| an individual, | * | |
| | * | |
| Defendants. | * | |

**TSC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

## I. Introduction

Defendant, The Shredder Company, LLC ("TSC"), files this brief in support of its motion to dismiss or transfer the plaintiff's claims against it, based on a forum selection clause contained in the contract upon which the plaintiff's claims are based. "Federal Rule of Civil Procedure 12(b)(3) allows defendants to challenge the propriety of the venue selected by Plaintiffs by filing a motion to dismiss on the ground of improper venue." *Smith v. Professional Claims, Inc.*, 19 F. Supp. 2d 1276, 1278 (M.D. Ala. 1998). *Smith* involved a motion to dismiss based on the application of a forum selection clause. Additionally, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying

venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (Emphasis added). Accordingly, TSC has moved to dismiss the plaintiff's claims under Rule 12(b)(3) and § 1406(a). Alternatively, TSC has moved the Court to transfer venue of this case pursuant to § 1406(a) or 28 U.S.C. § 1404(a), which allows a district court to transfer venue of a case for the convenience of the parties and witnesses and in the interest of justice.[1]

The contract between TSC and the plaintiff, which the plaintiff attaches as an exhibit to its complaint, provides that "*all* disputes, causes of action or litigation *shall* be filed and adjudicated in El Paso, El Paso County, Texas." (See Exhibit B to the Complaint at 26 (emphasis added)). Pursuant to the parties' agreements, the plaintiff's claims against TSC should have been filed in El Paso. TSC notes that the United States District Court for the Western District of Texas, El Paso Division, is located in El Paso.[2]

## II. Argument

[1] As noted below, there is some authority from the Eleventh Circuit indicating that, in a diversity case, § 1404(a) is the proper procedural mechanism to utilize when attempting to enforce a forum selection clause that allows suit in some federal court other than the federal court in which the suit was filed.

[2] To the extent the plaintiff's claims are based on the other contract between TSC and the plaintiff, which is attached as Exhibit A to the Complaint, the arguments made in this brief are equally applicable, as that contract contains an identical forum-selection and choice of law provision. See Exhibit A to the Complaint at 10-11.

## A. Scope

The contract between TSC and the plaintiff provides: "[T]he right[s] and liabilities of the parties and the interpretation of this contract shall be made in accordance with the laws of the State of Texas." (Id.). In *Reliance Nat'l Indem. Co. v. Pinnacle Cas. Assur. Corp.*, 160 F. Supp. 2d 1327 (M.D. Ala. 2001), the U.S. District Court for the Middle District of Alabama applied New York law in interpreting a forum selection clause, because the contract containing the clause stated that it was to be governed by the laws of New York. Texas law should therefore apply to the interpretation of the forum selection clause.[3]

"In construing a forum-selection clause, '[the court's] primary goal is to give effect to the written expression of the parties' agreement.'" *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 615 (Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing *Southwest Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 324 (Tex. App.--Austin 1999, pet. denied). "The use of [the word] 'shall' generally indicates a mandatory requirement." *Id*. The forum selection clause in the contract between TSC and the plaintiff provides that all disputes "*shall* be filed and adjudicated" in El Paso, Texas. (Exhibit B to the

[3] In any event, TSC also cites federal and Alabama cases in support of its interpretation of the forum selection clause. With respect to TSC's motion to dismiss or, in the alternative, to transfer venue, there is no material difference between the laws of Alabama and Texas. Regardless of the State's law applied by the Court, the TSC's motion is due to be granted.

Complaint at 26). Accordingly, the clause is mandatory rather than permissive. *See also*, *Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 629 (Tex. App.--Texarkana 2008, no pet.) (mandatory forum selection clauses "provide that all litigation must, shall, or is to be filed in [a particular] forum.") (internal quotation marks omitted); *Ex parte Bad Toys Holdings, Inc.*, 958 So. 2d 852 (Ala. 2006) (construing as mandatory a forum selection clause providing "'[v]enue for any legal action which may be brought hereunder *shall* be deemed to lie in Sullivan County, Tennessee'" (emphasis in original)); *Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract. … The contract provision, "Venue shall be in Broward County [Florida]," because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue in Broward County, and Broward County alone.") (internal quotation marks omitted). Because the forum selection clause is mandatory, the plaintiff is required to litigate its claims in El Paso, Texas.

The plaintiff has avoided making a claim for breach of contract in its complaint, presumably in an effort to avoid application of the forum selection clause. Rather, the plaintiff has purported to sue for misrepresentation, deceit, suppression, conversion, unjust enrichment, and for an accounting. As noted,

however, the forum selection clause in this case provides that *all* disputes, causes of action, and litigation must be filed in El Paso, Texas. The clause's application is not limited to claims for breach of contract.

All of the plaintiff's claims are based on TSC's and the plaintiff's business relationship arising from the contract. Those claims are subject to the forum selection clause and should have been filed in El Paso. In *Barnette v. United Research Co.*, 823 S.W. 2d 368 (Tex. App.--Dallas 1991, writ denied), a forum selection clause contained in an employment agreement provided that "'the United States District Court for the District of New Jersey or the Superior Court of New Jersey' would be used to resolve disputes between the parties." *Id.* at 369. The plaintiff, a former employee of the defendant, argued that his *tort* claims were not subject to the forum selection clause. The Texas appeals court disagreed, stating:

> "'Pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms.' *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988). We hold that [the plaintiff's] claims arose from his employment relationship with URC and implicate the terms of the employment contract."

823 S.W. 2d at 370. *See also Ex parte Bad Toys Holdings, Inc.*, 958 So. 2d 852, 859 (Ala. 2006) ("Although [the plaintiff] has carefully avoided making any reference to the purchase agreement [containing a forum selection clause], he is essentially seeking the same relief that would flow from a breach-of-contract

claim. 'Strategic or artfully drawn pleadings ... will not work to circumvent an otherwise applicable forum selection clause.' *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). Therefore, because [the plaintiff's] claims stem from the purchase agreement, they are subject to the forum-selection clause contained in that agreement and should accordingly be dismissed without prejudice."); *Smith v. Professional Claims, Inc.*, 19 F. Supp. 2d 1276 (M.D. Ala. 1998) ("[T]ort claims 'involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties.'") (quoting *Terra Intl., Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688 (8th Cir. 1997)). In the instant case, the plaintiff's claims arise from the business relationship and the duties allegedly created under the contract containing the forum selection clause, which by its terms clearly applies to *all* disputes, causes of action, and litigation, and not to breach-of-contract claims only. The plaintiff should not be able to avoid the forum selection clause by "artfully drawn pleadings."

**B. Enforceability**

Not only is the forum selection clause in this case mandatory and applicable to the plaintiff's claims, it is valid and enforceable. TSC notes that, in *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d

465, 469 (D. N.J. 1998), the Federal District Court for the District of New Jersey stated:

> "[T]he initial step this Court must undertake is to determine what state law to apply when considering whether the forum-selection clause is an enforceable part of the contract agreed to by the parties. For this preliminary inquiry, the language of the clause itself is not authority for what law to apply. Rather, a federal court sitting in diversity must utilize the choice of law rules of the state in which it sits."

21 F. Supp. 2d at 469. However, in *Smith v. Professional Claims, Inc.*, 19 F. Supp. 2d 1276, 1280 (M.D. 1998), the Federal District Court for the Middle District of Alabama said: "It is not clear whether federal or state law governs the validity of forum selection clauses in federal diversity actions." But the Eleventh Circuit Court of Appeal stated in *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F. 3d 804, 807 (11th Cir. 2003), that "[c]onsideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law." In any event, regardless of whether the enforceability of the forum selection clause is determined by Texas, Alabama, or federal law, the clause is enforceable and mandates dismissal or transfer of this action.

In Texas, "the trial court presumes that a mandatory forum-selection clause is valid and enforceable." *Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 692 (Tex. App.—Houston [14th Dist.] 2007, pet. filed).

> "The trial court gives such a clause full effect absent *a strong showing by the resisting party* that the court should set aside the clause because (1) the clause is invalid based on such reasons as fraud, undue influence, or overweening bargaining power; or (2) enforcement would be unreasonable and unjust. *See M/S Bremen*, 407 U.S. at 10-15, 92 S.Ct. at 1913-16; *In re AIU Ins. Co.*, 148 S.W. 3d at 111-12. Enforcement of a forum-selection clause would be unreasonable and unjust if (1) enforcement of the clause would contravene a strong public policy of the forum in which suit was filed or (2) the balance of convenience is strongly in favor of litigation in the forum in which suit was filed, and litigation in the forum identified in the clause would be so manifestly and gravely inconvenient to the resisting party that the resisting party effectively would be deprived of a meaningful day in court."

*Id.* at 692-93 (emphasis added).

In *Smith v. Professional Claims, Inc.*, 19 F. Supp. 2d 1276 (M.D. Ala. 1998), the Court stated the following regarding Alabama and federal law applicable to the enforceability of forum selection clauses generally:

> "[T]he standard [for determining the enforceability of forum selection clauses] is now the same under Alabama and federal law.
>
> "Under the federal approach, forum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.' *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Alabama Supreme Court recently adopted the federal approach set forth in *Bremen*. *See Professional Ins. Corp. v. Sutherland*, 700 So. 2d 347, 350 (Ala. 1997) ('[W]e now adopt the majority rule that a forum selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances.').
>
> "… a plaintiff contesting enforcement of a forum selection clause has 'the burden of showing either (1) that enforcement of the forum selection clause would be unfair on the basis that the contracts

> in this case were affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen ... forum would be seriously inconvenient for the trial of the action.' Id. at 352.
>
> "….
>
> "The second test asks whether enforcement would be unreasonable on the basis that the chosen forum would be seriously inconvenient for the trial of the action. To meet this requirement, a plaintiff must 'show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.' *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907."

19 F. Supp. 2d at 1280-81. *See also*, *P&S Business Machines, Inc.*, 331 F. 3d at 807 (noting that, in considering a motion for a change of venue under §1404(a) based on a forum selection clause, the party resisting application of the forum selection clause has the burden of persuasion, that "[f]orum selection clauses in contracts are enforceable in federal courts," and indicating that, if a forum selection clause was freely and fairly negotiated by experienced business professionals and not the product of fraud, duress, misrepresentation, or other misconduct, it is valid and enforceable).

There is no evidence indicating that the forum selection clause in the contract between TSC and the plaintiff, which was freely and fairly negotiated between experienced business professionals, was the result of fraud, undue influence, other misconduct, or overweening bargaining power, and the plaintiff cannot meet its burden of showing such. Additionally, the plaintiff cannot meet its

burden of showing that enforcement of the clause would contravene a strong public policy of the Southern District of Alabama, or that the balance of convenience is strongly in favor of litigation in that forum and that litigation in El Paso would be so manifestly and gravely inconvenient to the plaintiff that it would be deprived of its day in court. The forum selection clause agreed upon by the parties is valid and enforceable.

## C. Procedural Mechanism

TSC asserts that the plaintiff's claims should be dismissed under Rule 12(b)(3) or dismissed (or transferred) under 28 U.S.C. § 1406(a). To the extent that the Court is more inclined to transfer venue under 28 U.S.C. § 1404(a), which allows for transfer based on convenience and justice, TSC notes that *the plaintiff* still has the burden of showing that the federal district court in El Paso, Texas is sufficiently inconvenient to justify refusal to enforce the forum selection clause. *In re Ricoh Corp*. 870 F. 2d 570 (11th Cir. 1989).[4] In *Ricoh Corp.*, the United States Court of Appeals for the Eleventh Circuit stated the following:

> "[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. When, however, the parties have entered into a contract

[4] TSC points out to the Court that there is indication in the case law that the issue of applying the forum selection clause should be resolved under 28 USC § 1404(a), but that *the plaintiff* still has a substantial burden to show that the forum selection clause should *not* apply. *In re Ricoh Corp*. 870 F. 2d 570 (11th Cir. 1989); *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F. 3d 804 (11th Cir. 2003).

containing a valid, reasonable choice of forum provision, the burden of persuasion is altered.

> "In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue. In such cases, we see no reason why a court should accord deference to the forum in which the plaintiff filed its action. Such deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system. See *Stewart* [*Org., Inc. v. Ricoh Corp.*, 487 U.S. 22], 487 U.S. at ___, 108 S.Ct. at 2249 ('[E]nforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.') (Kennedy, J., concurring); *see also Stewart*, 810 F.2d 1066, 1075 (11th Cir. 1987) (en banc) ('Where, as here, the non-movant has not shown that it would be unjust to honor a forum selection clause that it has freely given, "the interest of justice" requires that the non-movant be held to its promise.') (Tjoflat, J., concurring). We conclude that when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.
>
> "In so concluding, we adhere to the reasoning advanced by the Supreme Court in its opinion in this case. See *Stewart*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In that opinion, the Supreme Court stated that when weighing whether transfer is justified under section 1404(a), a choice of forum clause is 'a *significant* factor that figures *centrally* in the District Court's calculus.' *Stewart*, 487 U.S. at ___, 108 S.Ct. at 2244 (emphasis added). Thus, while other factors might 'conceivably' militate against a transfer, see *id*. at ___, 108 S.Ct. at 2244, the clear import of the Court's opinion is that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors."

870 F.2d at 573.

Similarly, in *P&S Business Machines*, 331 F. 3d 804, 807 (11th Cir. 2003), the Eleventh Circuit set out the following principles regarding transfer of a case under § 1404(a) pursuant to a forum selection clause:

> "The following principles have been established for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection cause.
>
> "1. Forum selection clauses in contracts are enforceable in federal courts. *See e.g. M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
>
> "2. Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).
>
> "3. The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).
>
> "4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. *See In re Ricoh Corp.*, 870 F.2d at 573-74 (considering whether the clause was 'freely and fairly negotiated by experienced business professionals' and whether there was any fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum selection clause).
>
> "Under Section 1404(a), the court should consider 'the convenience of parties and witnesses' and 'the interest of justice,' with a choice of forum clause 'a significant factor that figures centrally in the district court's calculus.' *Stewart Org., Inc.*, 487 U.S. at 29, 108 S.Ct. 2239 (emphasis added). 'Thus, while other factors might "conceivably" militate against a transfer ... the venue mandated

by a choice of forum clause rarely will be outweighed by other 1404(a) factors.' *In re Ricoh Corp.*, 870 F.2d at 573.

"6. By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen. *In re Ricoh Corp.*, 870 F.2d at 573.

"7. The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause."

The forum selection clause in the instant case was freely and fairly negotiated by experienced business professionals. There is certainly no evidence indicating that TSC engaged in fraud, duress, misrepresentation, or other misconduct in connection with negotiating the forum selection clause. The plaintiff cannot meet its burden of showing that the chosen forum is "sufficiently inconvenient to justify retention of the dispute." *P&S Business Machines*, 331 F.3d at 807. If the plaintiff's claims are not dismissed under Rule 12(b)(2) or § 1406(a), they should be transferred under § 1404(a).[5]

Respectfully submitted this 9th day of September, 2008.

[5] TSC is a limited liability company formed in Texas with its principal place of business in Texas. Its sole member is another limited liability company, S2S3, LLC. The sole members of that LLC are Alton Scott Newell, II and Alton Scott Newell, III, both residents and citizens of El Paso, Texas. The only other defendant in this case, Alton Scott Newell, II, is a resident and citizen of El Paso, Texas. Venue of this case would have originally been proper in federal court in El Paso, Texas. 28 U.S.C. § 1391.

**/s/ Joseph P.H. Babington**
JOSEPH P.H. BABINGTON (BABIJ7938)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for The Shredder Company, LLC

OF COUNSEL:
HELMSING, LEACH, HERLONG,
NEWMAN & ROUSE, P. C.
150 Government Street, Suite 2000 (36602)
Post Office Box 2767
Mobile, Alabama 36652
251-432-5521
251-432-0633 (fax)
jpb@helmsinglaw.com
das@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel who have appeared in the case and who have registered for such notification.

Robert E. Clute, Jr.
Deborah B. Hembree
Johnstone, Adams, Bailey, Gordon & Harris
Post Office Box 1988
Mobile, Alabama 36633
251-432-7682
Fax: 251-432-0712
Email: rec@johnstoneadams.com
dbh@johnstoneadams.com

This 9th day of September, 2008.

**/s/ Joseph P.H. Babington**
OF COUNSEL