# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID'S AUTO SHREDDING , INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0410-KD-B |
| ) | |
| THE SHREDDER COMPANY, LLC and ) | |
| ALFRED SCOTT NEWELL II, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the plaintiff David's Auto Shredding, Inc.'s (David's) motion to refer matter to Bankruptcy Court, the objection and response filed by The Shredder Company, LLC and Alfred Scott Newell II (defendants), and David's reply (docs. 43, 44, 46, 47). Upon consideration and for the reasons set forth herein, the motion to refer is **DENIED.**

Accordingly, the stay having been lifted, the following objection schedule is set: Any **objection** to the Report and Recommendation, including any objection based upon the effect of David's Chapter 11 bankruptcy proceedings, shall be filed on or before **September 23, 2011,** and any **reply** to the objection shall be filed on or before **October 7, 2011.**

Background

David's sued defendants for innocent misrepresentation/fraud, intentional misrepresentation, deceit, fraudulent deceit, fraudulent suppression, conversion, unjust enrichment, and accounting based on the purchase of a shredder machine and equipment from defendants (doc. 1). Defendant The Shredder Company, LLC, moved to dismiss or alternatively to transfer venue to Western District of Texas based on a forum selection clause in the sales contract (docs. 11-12). The individual defendant, Newell, moved to dismiss on lack of personal

jurisdiction and alternatively moved to transfer to Western District of Texas (docs. 13-14).

Magistrate Judge Sonja F. Bivins entered a Report and Recommendation wherein she recommended transfer to Texas. However, on the day objections were due, David's filed a petition for bankruptcy under Chapter 11 and this action was stayed. Therefore, no objection to the Report and Recommendation was filed.

Since the bankruptcy action was filed, David's provided the Court with periodic status reports. Most recently, David's notified the Court that pursuant to its Fourth Amended Plan of Reorganization, which had been confirmed, David's retained all claims and causes of action against all persons, companies or entities and that these rights or causes of action remained assets of, and vested in, David's (doc. 41). David's also indicated that it was considering whether to file a motion to refer this action to bankruptcy based upon a retention of jurisdiction in the Plan.

Consequently, this Court lifted the stay (doc. 42). Soon thereafter, David's filed the pending motion to refer this matter to the Bankruptcy Court in the Southern District of Alabama, where its Chapter 11 Plan was confirmed (doc. 43, 46). Defendants oppose the motion to refer and assert that the Court should retain jurisdiction, adopt the Report and Recommendation, and transfer this action to Texas (docs. 44, 47).

Argument

David's argues that this Court should exercise its discretion and refer this action to Bankruptcy Court pursuant to 28 U.S.C. §157(a) as a proceeding "related to" the bankruptcy action. In support, David's argues that the cause of action has now vested in it as the reorganized debtor, that the jurisdictional retention language of the Bankruptcy Court's Order confirming the Plan is broad enough to include this action, and that the Bankruptcy Court's jurisdiction does not end upon conformance of the Plan because the bankruptcy has not been dismissed or discharged.

David's also argues that the Bankruptcy Court is the more appropriate forum because of familiarity with David's business and there would be no waste of judicial resources.

Alternatively, David's argues that in the "interests of justice" and because of the policy of centralization of bankruptcy proceedings in the district where the bankruptcy action is pending, this Court should retain its original and concurrent jurisdiction under 28 U.S.C. 1334, and not adopt the recommendation. David's argues that the forum selection clause is only one factor and should not control the litigation. Overall, David's asserts that because of its bankruptcy and lack of financial ability, it may not pursue this action if it is transferred.

Defendants argue that this Court should not refer the action. They argue that the Bankruptcy Court does not have jurisdiction because the language of the Plan by which it retained jurisdiction does not encompass this action. Defendants argue that this action may have been a "related to" action such that its resolution would have had an effect upon the bankruptcy estate, but because the Plan is confirmed and this action re-vested in David's as the reorganized debtor free of encumbrance, the action is no longer part of the bankruptcy estate and its resolution will have no effect on the bankruptcy estate.

Defendants also argue that even if the Bankruptcy Court has jurisdiction, referral is discretionary and this Court should abstain from referral, choose to exercise diversity jurisdiction and either keep the action or adopt the report and recommendation to transfer to Texas. Defendants argue that the action consists of state law claims which should be decided under Texas law pursuant to the choice of law provision. Defendants point out that litigating in this Court will be less complicated because the Bankruptcy Court must make a proposed finding of fact and conclusion of law. Defendants also point out that they have a right to a jury trial but "do not consent to the bankruptcy court conducting that trial" (doc. 46, p. 9).

3

Analysis

David's relies in part on Article VIII, of the Plan, captioned "Retention of Jurisdiction", states as follows:

The Court shall retain jurisdiction of this case:

> 8.1 To determine the allowance or disallowance of and the amount, priority, validity and dischargeability of claims and interests.
>
> 8.2 To interpret the Plan and hear all disputes arising in connection with execution of this Plan.
>
> 8.3 To fix and approve allowances of compensation and other administrative expenses, including, if appropriate, payments to be made in connection with this Plan.
>
> 8.4 To decide controversies and disputes arising under or in connection with the Plan.
>
> 8.5 To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, and to modify to amend the Plan.
>
> 8.6 To enforce all causes of action which may exist in behalf of the Debtor.
>
> 8.7 To issue any order, process or judgment necessary or appropriate to carry out the provisions of the Plan.

(doc. 41-1, p. 12).

Paragraph 8.6 appears to be the operative provision. Although David's argues that this phrase encompasses this action and forms the basis for referral, reading Article VII as a whole, it appears that the retention of jurisdiction is directed toward claims or causes of action which may arise in relation to the Plan.

Defendants point out that the order confirming the Plan states, in relevant part, as follows:

> B) The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan of Reorganization, as Supplemented, herein and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or

> may be filed to claims of creditors herein, to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor, and determine all matters of any nature or type necessary or appropriate to carry out the Plan of Reorganization, as Supplemented.

(doc. 268, Bankruptcy Action 09-11559, U.S. Bankruptcy Court, S. D. Ala. April 25, 2011). Defendants argue that the retention of jurisdiction language does not specifically retain jurisdiction over causes of action which are re-vested in David's as the reorganized debtor, and therefore, the Bankruptcy Court does not have jurisdiction.

The first sentence explains that jurisdiction is retained as to matters which "may come before the Court in the administration of the Plan of Reorganization". (*Id*.) The action before this Court does not appear to fall under that category. Thus, giving the words in the order their plain and unambiguous meaning, the Court finds that the Bankruptcy Court did not retain jurisdiction over this cause of action. *United States v. State of Ga., Troup County*, 171 F.3d 1344, 1349 (11th Cir. 1999) (considering the "plain language and context", "the historical context, and precedent" to interpret the intent of an order); *see also Gentry v. Harborage Cottages-Stuart*, - - - F. 3d - - -, 2011 WL 3904087, 5 (11th Cir. Sept. 7, 2011) (applying principals of statutory construction and stating that the court "must begin, and often should end as well, with the language of the statute itself" and that "a court's 'first step is to determine whether the language ... has a plain and unambiguous meaning.'") (citation omitted).

The Court next turns to whether it should exercise its discretion to refer this action to the Bankruptcy Court. In that regard, 28 U.S.C. § 157(a) states that this Court may refer cases "arising in" or "related to a case under Title 11 . . . to the bankruptcy judges for the district." Paragraph (b)(1) provides that "bankruptcy judges may hear and determine all cases . . . arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate

orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). However, upon referral of a non-core proceeding,[1] "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

The Bankruptcy Court may render a final decision only if the parties consent. *See* 28 U.S.C. § 157(c)(2) ("Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 [appeals to the district court] of this title."). However, the defendants indicate that they will not consent to the jurisdiction of the Bankruptcy Court.

Thus, assuming for purpose of this order that this is a "related to" action, if referred, the Bankruptcy Court would be required to prepare proposed findings of facts and conclusions of law as to the pending report and recommendation as well as the ultimate merits of this action, likely upon motion for summary judgment or other dispositive motion. This Court would then have to conduct a *de novo* review of any objections to the Bankruptcy Court's proposed findings of fact and conclusions of law.

Additionally, the defendants state that they will not consent to trial by the Bankruptcy Court. Thus, this Court would have to withdraw the reference, should trial be necessary. *See* 28

---

[1] The parties do not assert that this action is a "core proceeding" as contemplated under 28 U.S.C. § 157.

U.S.C. § 157(c)(2); 28 U.S.C. § 157(e) ("… the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties").

Therefore, in the interest of judicial economy for this District not just this Court, and because David's has presented no compelling reason[2] why this Court should refer this action to the Bankruptcy Court, this Court will retain jurisdiction and deny the motion to refer. Moreover, as defendants point out, the Plan has been confirmed and all causes of action vested in David's as the reorganized debtor, free and clear of all encumbrances (doc. 41-1, p. 10,[3] 11[4]).

Since the Court has decided not to refer this action and the stay has been lifted, it now must address the pending Report and Recommendation. Defendants assert that this Court should

---

[2] David's argues that the Bankruptcy Court is more familiar with its business. That may be true, but the Bankruptcy Court is not more familiar with this litigation.

[3] "5.1 Except as otherwise provided in any provision of this Plan, on the Effective Date all property of the Estate shall revest in the Reorganized Debtor, all free and clear of all claims, liens, encumbrances, and other interests of Creditors and Equity Security Holders. From and after the Effective Date, the Reorganized Debtor may use, acquire, and dispose of property without supervision of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code, other than those restrictions presently imposed by this Plan and the Confirmation Order."

"6.1 Debtor retains all claims and causes of action which it may have against any and all persons, companies and other entities and nothing contained herein shall be deemed a release by Debtor of any cause of action, judgment, or claim it may now have or may hereafter acquire against any person, corporation or entity nor shall the entry of an order of confirmation constitute judicial estoppel against Reorganized Debtor pursuing those causes of action."

[4] "7.4 Preservation of Rights of Action. Any of Debtor's rights or causes of action against any party including, but not limited to rights or causes of action under Sections 544 through 550, inclusive, of the Bankruptcy Code or under any other statute or based on any legal theory shall remain assets of, and vest in, the Reorganized Debtor. Specifically included in said assets shall be the rights to pursue causes of action for preferences, fraudulent transfers, and wrongful termination of licensing authority. The Reorganized Debtor may pursue those rights of action, as appropriate, in accordance with what is in the best interests, and for the benefit, of the Reorganized Debtor."

adopt the Report and Recommendation and transfer this action to the Western District of Texas. David's argues that transfer is not appropriate. However, because of the stay, no objections were filed. Therefore, a new objection period has been set in the first paragraph of this order.

    **DONE** and **ORDERED** this 12th day of September, 2011.

                                      **s/ Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**